UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA :
: SECOND PRELIMINARY ORDER
- v. - : OF FORFEITURE AS TO
: SPECIFIC PROPERTY
JAMES GARCIA, :
: S1 22 Cr. 450 (RA)
Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about November 10, 2022, JAMES GARCIA, (the "Defendant"), was charged in a two-count Superseding Information, S1 22 Cr. 450 (RA) (the "Information"), with bank theft, in violation of Title 18, United States Code, Sections 2113(b) and 2 (Count One); and being a felon in possession of ammunition, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8) and 2 (Count Two);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about August 12, 2022, the Government seized from the Defendant at the time of his arrest, the following specific property:

      a. One (1) multicolored watch link, serial no. 733717;
      b. Two (2) pairs of brown Nike sneakers;
      c. One (1) Polo red/blue/yellow vest jacket with a green hood;
      d. One (1) black Schok cellphone;
      e. Twenty-two (22) multicolored Polo shirts;
      f. Eleven (11) pairs of pants, including: Eight (8) pairs of Polo pants,

       One (1) pair of Dior pants, One (1) pair of Tommy Hilfiger pants, and One (1) pair of Lululemon pants;
  g. Seven (7) hats of various brands;
  h. Three (3) multicolored belts;
  i. Two (2) multicolored handkerchiefs;
  j. Six (6) pairs of reading glasses and two (2) pairs of black sunglasses;
  k. One (1) pair of white headphones and one (1) white ear bud case;
  l. One (1) Call of Duty Vanguard video game;
  m. Two (2) multicolored gloves;
  n. One (1) blue JBL speaker;
  o. One (1) multicolored Baseus vacuum;
  p. One (1) Polo dark green/brown luggage;
  q. One (1) Theragun massager with attachments, charger, and container;
  r. Seventeen (17) pairs of sneakers of various brands;
  s. Eleven (11) multicolored jackets and coats;
  t. One (1) maroon luggage;
  u. One (1) extra space storage card in the name of Noel Rodriguez;
  v. One (1) credit/debit card with account number XXXX2685 in the name of Elizabeth Na issued by Rippling; and
  w. One (1) credit/debit card with account number XXXX7921 in the name of Eric E. Ramirez issued by Capital One Bank;

(a. through w. collectively, "the Specific Property");

    WHEREAS, on or about November 10, 2022, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegations with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(l)(C), and Title 28, United States Code, Section 2461(c), a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

    WHEREAS, on or about November 10, 2022, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, imposing a forfeiture

money judgment against the Defendant in the amount of $235,965 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information, and forfeiting all of the Defendant's right, title, and interest in one Zenith Quest International 9mm Luger Caliber full metal jacket, recovered from the Defendant's car after his arrest on August 10, 2022 (the "Ammunition"), which constitutes ammunition involved in or used in the offense charged in Count Two of the Information (D.E. 13);

WHEREAS, the Government asserts that the Specific Property represents property constituting, or derived from proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Government further seeks the forfeiture of all of the Defendant's right, title and interest in the Specific Property, which constitute proceeds traceable to the offense charged in Count One of the Information, that the Defendant personally obtained;

WHEREAS, the Court finds that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Count One of the Information, to which the defendant was found guilty, all of the Defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant JAMES GARCIA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____      5-3-2023
THE HONORABLE RONNIE ABRAMS     DATE
UNITED STATES DISTRICT JUDGE