UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JAMES GARCIA,

Defendant.

---

22-cr-450 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On November 10, 2022, Defendant James Garcia pled guilty to bank theft and being a felon in possession of ammunition. *See* Dkt. 14. On the same day, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, imposing a money judgment of $235,965. *See* Dkt. 13. On May 3, 2023, the Court entered a Second Preliminary Order of Forfeiture as to Specific Property ("Second Preliminary Order"), forfeiting Defendant's right, title, and interest in specific property seized by the Government, including various clothing items, electronics, and other personal items (the "Specific Property"). *See* Dkt. 23. On July 18, 2023, the Court sentenced Defendant to 48 months' imprisonment on each count to run concurrently, and incorporated both preliminary orders into the judgment at sentencing. *See* Dkt. 27 at 32. The Court deferred determination of restitution. *See id.* at 32–33. Defendant did not object to the Court's forfeiture ruling. *See id.*

On August 18, 2023, the Court received a *pro se* letter from Defendant dated August 9, 2023, requesting that the personal property confiscated by the Government be returned to him or applied to his restitution.[1] *See* Dkt. 29. On September 1, 2023, the Government submitted a letter opposing Defendant's request. *See* Dkt. 30. For the following reasons, Defendant's request to have his property returned is denied, and, at this time, the Court need not rule on Defendant's request

---

[1] Defendant requests an opportunity to provide a list of items that were confiscated. The list of items seized by the Government, however, has already been detailed in the Second Preliminary Order. *See* Dkt. 23.

to have the property applied to his restitution, given that the Government has represented that "any proceeds from the sale of the Specific Property will be applied to the [m]oney [j]udgment." *See* Dkt. 30.

Ancillary proceedings following a criminal forfeiture are governed by Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853. *See United States v. Swartz Fam. Tr.*, 67 F.4th 505, 513 (2d Cir. 2023). Pursuant to Rule 32.2, if a "court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment . . . [and] directing the forfeiture of specific property." Fed. R. Crim. P. 32.2(b)(2)(A). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order "becomes final as to the defendant" at sentencing, and "[i]f the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c)." Fed. R. Crim. P. 32.2(b)(4)(A).

"Once the district court determines that the criminal defendant's interest in the property is forfeitable, Section 853(c) provides that '[a]ll right, title, and interest in property [subject to criminal forfeiture] vests in the United States upon the commission of the act giving rise to forfeiture.'" *Swartz Fam. Tr.*, 67 F.4th at 513 (quoting 21 U.S.C. § 853(c)). After an order of forfeiture is entered, the Government must "publish notice of the order" and, "to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture." 21 U.S.C. § 853(n)(1).

Under § 853(n), "[a]ny person, *other than the defendant*, asserting a legal interest in [criminally forfeited] property . . . may, within thirty days of the final publication of notice or his receipt of notice . . ., whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property." *Id.* § 853(n)(2) (emphasis added). The § 853(n) proceeding

2

"provides the exclusive means for a third party to assert a legal interest in the property subject to forfeiture," and "criminal defendants cannot bring a petition under § 853(n)." *United States v. Bradley*, 882 F.3d 390, 392 (2d Cir. 2018) (cleaned up); *see also United States v. Daugerdas*, 848 F. App'x 488, 489 (2d Cir. 2021) (concluding that a defendant "is unable to utilize the § 853(n) process").

Pursuant to the Second Preliminary Order, "Defendant's right, title, and interest in the Specific Property [was] forfeited to the United States for disposition in accordance with the law," *see* Dkt. 23, and at sentencing, the Court incorporated the Second Preliminary Order into the judgment, *see* Dkt. 26, 27. Although Defendant did not object to the Second Preliminary Order or to its incorporation into the judgment at sentencing, Defendant now conclusorily asserts that the confiscated property "was not the product of [his] crime." *See* Dkt. 29. At sentencing, however, the Second Preliminary Order became "final" as to Defendant. *See* Fed. R. Crim. P. 32.2(b)(4)(A); *see also United States v. Connelly*, 2019 WL 5966445, at *3 (D. Conn. May 7, 2019) ("[The defendant's] current challenge appears to be based entirely on his own interest in [the property], which was extinguished as part of the judgment."); *cf. United States v. Severino*, 714 F. App'x 71, 72 (2d Cir. 2018) (concluding that the defendant's argument "has been forfeited because [the defendant] did not raise it in his sentencing submissions or during the sentencing hearing before the district court"). Nor can Defendant bring a petition under § 853(n). *See Bradley*, 882 F.3d at 392. Given that Defendant's interest in the Specific Property has been forfeited, his request to have the property returned is denied.

In the alternative, Defendant requests that the property be applied to his restitution. Given that the determination of restitution has been deferred and the Government has not yet submitted a request with respect to restitution, the Court construes Defendant's request as a request to apply the proceeds of the Specific Property towards his money judgment. That said, the Government has already agreed that "any proceeds from the sale of the Specific Property will be applied to the

3

[m]oney [j]udgment." *See* Dkt. 30. The Court thus need not rule on Defendant's application at this time.

For the foregoing reasons, Defendant's motion is denied. The Clerk of Court is respectfully requested to mail a copy of this Order to Defendant.

SO ORDERED.

Dated:   January 8, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge

4